IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THEODORE J. THOMPSON,
    Plaintiff,

vs.                                          Case No.: 3:11cv587/MW/EMT

CRICKET WIRELESS, INC., et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon a Notice of Settlement, filed by Defendant Cricket Wireless, Inc., and Plaintiff's Notice of Voluntary Dismissal with Prejudice (docs. 41, 42). According to the notices, Plaintiff Theodore J. Thompson and Defendant Cricket Wireless, Inc., have reached a settlement on the dispute at issue in this matter (*id.*). Additionally, Plaintiff now requests that this action be dismissed with prejudice.

Rule 41(a)(1) provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A). In the instant case, the opposing parties have not served an answer or a motion for summary judgment. Further, a settlement has been reached between Plaintiff and Cricket Wireless, Inc. Therefore, dismissal of this action at Plaintiff's request is appropriate.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Notice of Voluntary Dismissal with Prejudice (doc. 42) be **GRANTED** and this action **DISMISSED with prejudice**.

**DONE AND ORDERED** this 10th day of January 2013.

                                                   /s/ *Elizabeth M. Timothy*
                                                   **ELIZABETH M. TIMOTHY**
                                                   **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**